IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN CODY GOODMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIV. A. NO. 22-0442-TFM-MU |
| v. | ) | |
| | ) | CRIM. A. NO. 19-0029-TFM-MU-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner Ryan Cody Goodman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, which was originally filed on November 1, 2022 (Doc. 26), and amended, pursuant to the Court's order, on December 5, 2022 (Doc. 28). This motion has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(R). The Court, after reviewing Goodman's motion and all relevant filings and proceedings, recommends that Goodman's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

**I. BACKGROUND**

On March 28, 2019, Goodman pled guilty to Count I of an indictment charging the offense of prohibited person in possession of a firearm in violation of Title 18, U.S.C. § 922(g)(1). (Doc. 17). On July 12, 2019, the Court entered Judgment sentencing Goodman to a term of 57 months in prison. (Doc. 23). On November 1, 2022, Goodman filed a motion to vacate pursuant to § 2255. (Doc. 26). The Court ordered Goodman to refile his petition on this Court's form for § 2255 motions, and

he did so on December 5, 2022. (Doc. 28). After reviewing the refiled petition, the Court found several deficiencies and, therefore, ordered Goodman to correct those deficiencies by refiling his § 2255 motion on the Court's form and including complete answers to all questions, especially those concerning the timeliness of his motion. (Doc. 29). Goodman was cautioned that failure to comply with the Court's order would result in a recommendation that his motion be denied. (*Id.*).

## CONCLUSIONS OF LAW

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is clearly appropriate for a district court to summarily dismiss time-barred motions to vacate prior to any answer or other pleading by the United States. *Id.*; *see, e.g., United States v. Johnson,* 2012 WL 3070972, *1 (M.D. Fla. July 26, 2012); *Jones v. United States*, 2012 WL 3704759, *1 (N.D. Ga. July 18, 2012), *report and recommendation adopted,* 2012 WL 3704837 (N.D. Ga. Aug. 27, 2012).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971 (2000). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Goodman did not file a direct appeal (*see* Docket Sheet) and, therefore, his conviction and sentence became final fourteen (14) days after this Court entered the judgment on July 12, 2019, that is, on July 26, 2019, the date on which the time for filing a notice of appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); *Akins*, 204 F.3d at 1089, n.1 (noting that when a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal). Thus, Goodman's one-year limitations period for filing his § 2255 motion began running on July 26, 2019, and expired on July 26, 2020.[1] Because he did not file his motion to vacate his sentence until November 1, 2022, more than two years after the expiration of the limitations period, his motion is clearly time-barred.

---

[1] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States,* 522 F. App'x 556, 558 (11th Cir. 2013) (citing *Outler v. United States,* 485 F.3d 1273, 1283 n.4 (11th Cir. 2007)).

As noted above, because his original motion was not filed on the required form, the Court ordered Goodman to refile his petition on this Court's form for § 2255 motions, and he did so on December 5, 2022. (Doc. 28). Goodman did not argue or even mention in his refiled motion to vacate that any of the savings provisions contained in §2255(f)(2), (3), or (4) apply here. (Doc. 28). Because he appeared to have argued in his original motion that § 2255(f)(3) might apply, the Court specifically ordered Goodman to refile his motion to provide facts in support of 2255(f)(2), (3), or (4) if he contends that one or more of these savings provision apply; however, he did not refile his motion. (Doc. 29; Docket Sheet). Even though Goodman was told that the filing of his motion on the Court's form as directed by the Court, *see* Doc. 27, would take the place of his original petition and that he should not rely on his original petition, out of an abundance of caution and because he is proceeding *pro se*, the Court will consider what appears to be an argument in his original petition that it was timely filed under §2255(f)(3). (Doc. 26).

Goodman appears to argue in his original petition that the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), applies retroactively and that his motion to vacate is timely under § 2255(f)(3). (Doc. 26 at p. 1). First, the Court notes that *Rehaif* was decided three weeks prior to his sentencing hearing on July 11, 2019, at which time his sentence was announced, and the entry of the Judgment against him on July 12, 2019. (Docket Sheet; Doc. 23). Moreover, although the Eleventh Circuit held, in *Seabrooks v. United States,* 32 F.4th 1375, 1383 (11th Cir. 2022), that "*Rehaif* announced a new rule of substantive law that applies retroactively," the retroactive application of *Rehaif* does not save Goodman's § 2255 motion. *Rehaif* was decided on June 21, 2019; therefore, for Goodman's motion to vacate to have been timely filed, he had to file it by June 21, 2020.

Section 2255(f)(3) clearly provides that a motion must be filed within one year of "the date on which the … right … was initially recognized by the Supreme Court…." As noted above, Goodman did not file his original §2255 motion to vacate until November 1, 2022, well beyond the one-year limitation period provided by § 2255(f)(3). *See Washington v. United States*, 2022 WL 3273284, at *1 (S.D. Ga. July 13, 2022).

Based on the foregoing, the undersigned recommends that Goodman's § 2255 motion to vacate be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).[2]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied on procedural grounds, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

---

[2] Goodman also failed to sign his motion under penalty of perjury. Rule 2(b) of the Rules Governing Section 2255 Proceedings states that "[t]he motion must: … (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Therefore, even if not time-barred, his motion would be due to be denied, without prejudice, for this reason.

5

529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Goodman's motion to vacate, nor could a reasonable jurist conclude that Goodman should be allowed to proceed further with respect to his constitutional claim. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Goodman is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge **RECOMMENDS** that Goodman's motion (Docs. 26, 28) be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f). Goodman is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **16th** day of **March, 2023**.

s/P. BRADLEY MURRAY<br>
**UNITED STATES MAGISTRATE JUDGE**